Francis Shields, Respondent, *v.* Alvin Russell, Appellant.

A wife, to secure a loan to her husband, executed to defendant a deed of land owned by her, he executing to the husband a lease of the land, by the terms of which he agreed to convey the land to the husband by a "good warranty deed and in fee simple," at any time within two years, upon payment of the sum loaned. In an action to compel the execution of such a deed, *held,* that as the deed to defendant was in effect simply a mortgage, the title of the wife was not diverted, and it would be inequitable to compel defendant, in an action to which the wife is not a party, to convey the land to the husband by deed of general warranty; that the scope of the agreement was that defendant, upon payment of the loan, would convey his mortgage interest by deed purporting to convey the land; that he ought not to be compelled to convey with warranty broader in scope than the interest he had; and so, that he should only be required to warrant against his own acts.

The action was brought by plaintiff as assignee of the rights of the husband; the lease contained a provision making it non-assignable without the consent of defendant; the latter claimed that by reason of the assignment his right to the property became absolute. *Held,* untenable, and that plaintiff could maintain the action.

*Shields* v. *Russell* (66 Hun, 226), modified.

(Argued April 17, 1894; decided April 24, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 22, 1892, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

This action was brought by plaintiff as assignee of all the rights of John S. Elliott, under a lease executed to him by defendant, to compel defendant to execute to him a warranty deed of the premises covered by the lease, or to recover $2,955.20 and interest as damages.

The lease in question was executed under the following circumstances: On February 4, 1891, Eliza H. Elliott, who owned the fee of certain real estate, to secure a loan to her husband of $1,000, executed a deed of said real estate, her husband joining with her, to the defendant; at the same time the defendant gave to John S. Elliott a lease of the same

premises for two years, by the terms of which John S. Elliott was to keep the property insured and in repair, to pay to the defendant sixty dollars a year for rent and not to assign the lease. The defendant agreed that upon the payment of said rent, the performing of the other conditions of the lease and the payment to him any time within two years of the sum named, he would execute and deliver to said John S. Elliott, his heirs and assigns, "a good warranty deed and in fee simple" of the premises. Elliott assigned the lease to plaintiff without the defendant's consent. Plaintiff tendered the money to defendant and demanded a warranty deed, which tender and demand were refused. The judgment required the execution of "a good warranty deed and in fee simple."

Further facts are stated in the opinion.

*John P. Kellas* for appellant. The court erred in denying defendant's motion to dismiss the complaint made when the trial was moved, and also when plaintiff rested. (Code Civ. Pro. § 499; *Tooker* v. *Arnoux,* 76 N. Y. 397; *Pope* v. *T. H. C. & M. Co.,* 107 id. 61.) The deed from Mrs. Elliott to defendant while in form a deed was in fact a mortgage, and defendant took a mortgagee's interest only. (*Drake* v. *Seaman,* 97 N. Y. 230; *Bonnell* v. *Griswold,* 89 id. 122; *Schwinger* v. *Raymond,* 83 id. 192; *Coonley* v. *Wood,* 36 Hun, 559.) Such being defendant's only interest and plaintiff and Elliott having full knowledge of that interest the court will not compel specific performance. (*Willis* v. *Ballany,* 21 J. & S. 94; *Aldrich* v. *Bailey,* 28 N. Y. S. R. 571; *Conger* v. *N. Y., W. S. & B. R. R. Co.,* 120 N. Y. 29; *Lennon* v. *Stiles,* 24 N. Y. S. R. 390; *Roos* v. *Lockwood,* 59 Hun, 181; *Sternberger* v. *McGovern,* 56 N. Y. 12.) The court has found that the deed to defendant was executed not only as security but to vest in him the power to convey the land to John S. Elliott. These findings are unsupported by evidence and are not warranted. (*Bonnell* v. *Griswold,* 89 N. Y. 122; *Schwinger* v. *Raymond,* 83 id. 192; *Smith* v. *Jackson,* 11 Hun, 361; *Despard* v. *Walbridge,* 15 N. Y. 374; *Hutchins* v.

*Hutchins,* 98 id. 56 ; *Drake* v. *Seaman,* 97 id. 230 ; *McCauley* v. *Smith,* 132 id. 534 ; *Shattuck* v. *Bascom,* 105 id. 39 ; *Odell* v. *Montrose,* 68 id. 504 ; *Baker* v. *U. M. L. I. Co.,* 43 id. 289 ; *Place* v. *Hayward,* 117 id. 496 ; *N. Y. R. Co.* v. *Rothery,* 107 id. 310 ; *Morrison* v. *Brand,* 5 Daly, 42 ; 56 N. Y. 657 ; *Dren* v. *Milne,* 15 Abb. [N. C.] 350.) There is no foundation laid in the complaint for a recovery on the ground of a power granted to defendant to convey the premises to John S. Elliott. (*Coster* v. *Mayor, etc.,* 43 N. Y. 403.) The lease by its terms was non-assignable without defendant's consent in writing, and that consent not having been given, specific performance cannot be compelled by plaintiff. (*Jackson* v. *Silvernail,* 15 Johns. 278 ; *Jackson* v. *Harrison,* 17 id. 66 ; *Cranston* v. *Wheeler,* 37 Hun, 77 ; *Sternberger* v. *McGovern,* 56 N. Y. 12 ; *Pratt* v. *Ogden,* 34 id. 20 ; *Pierrepont* v. *Barnard,* 6 id. 295 ; *Suydam* v. *Jones,* 10 Wend. 184 ; *Barnard* v. *Darling,* 11 id. 29 ; *Delacroix* v. *Buckley,* 13 id. 71 ; *Eddy* v. *Graves,* 24 id. 32 ; *Allen* v. *Jaquish,* 21 id. 628 ; *Horgan* v. *Krumweide,* 25 Hun, 117 ; *Rockwell* v. *Saunders,* 19 Barb. 473 ; *Welsh* v. *Taylor,* 50 Hun, 137.) The court erred in finding that Eliza H. Elliott has not made and does not make any claim against defendant. (Code Civ. Pro. § 993 ; *Barry* v. *Hamberg Ins. Co.,* 110 N. Y. 6 ; *Sickles* v. *Flanagan,* 79 id. 224.) The court erred in finding that John S. duly sold and assigned the lease to plaintiff. (Code Civ. Pro. § 993 ; *Sickles* v. *Flanagan,* 79 N. Y. 224.) The court erred in refusing defendant's objections to and denying his motion to strike out the evidence of Eliza H. Elliott concerning private interivews between herself and husband in the absence of defendant. (*Finney* v. *Gallaudett,* 19 N. Y. S. R. 823.) The court erred in granting an additional allowance of costs to plaintiff. (Code Civ. Pro. § 3253 ; *H. F. Ins. Co.* v. *G. Ins. Co.,* 18 N. Y. Supp. 50.)

*John P. Badger* for respondent. Whenever property is transferred, no matter in what form or by what conveyance, as a security for a debt, the transferee takes merely as a mort-

gagee, and has no other rights or remedies than those the law accords to mortgagees. (*Barry* v. *H. B. F. Ins. Co.*, 110 N. Y. 5; *Carr* v. *Carr*, 52 id. 261.) In the case of a mortgage, the mortgagor, although he has not strictly complied with the terms of the mortgage, still has the right to redeem. (*Matthews* v. *Sheehan*, 69 N. Y. 590.) The defendant being only a mortgagee, so far as his own interest in the property was concerned, and having no rights or remedies with respect to the property, other than as such, the relation of landlord and tenant never existed between him and Elliott. (*Barry* v. *H. B. F. Ins. Co.*, 110 N. Y. 5; *Carr* v. *Carr*, 52 id. 261.) Such being the relation of the defendant to Elliott and the property, he had no interest in the covenant not to assign, to give it support or validity. (*Cranston* v. *Wheeler*, 37 Hun, 68.) It matters not that Elliott did not absolutely promise to pay the $1,000; it is not necessary in order to constitute a valid mortgage that the mortgagee should have any other remedy but that upon his mortgage. (*Matthews* v. *Sheehan*, 69 N. Y. 590, 591.) The agreement not to assign without the written consent of the defendant did not change the character of the deed so as to make it anything but a mortgage; " once a mortgage always a mortgage." (*McCauley* v. *Smith*, 44 N. Y. S. R. 850.) If any effect were to be given to that agreement it could only be held applicable to Elliott or his assignee's right to occupy the premises till the $1,000 and interest were paid or tendered. It could not work a forfeiture of his or the plaintiff's right at any time within two years to pay the amount and claim the deed of the premises. (*Cranston* v. *Wheeler*, 37 Hun, 68, 69.) That agreement, if intended to apply to the defendant's covenant to convey the premises to Elliott, or to his assigns, at any time within two years upon payment of the debt, and that his interest in the property worth $1,850, as found by the court, should not be sold without the defendant's written consent, was in restraint of the power of alienation, and was void. (*Cranston* v. *Wheeler*, 37 Hun, 68; *DePeyster* v. *Michael*, 6 N. Y. 467, 506, 508.) The covenant not to assign was an agreement on

the part of Elliott, and not a condition which would prevent him or his assigns from tendering performance, and specific performance should be decreed. (*Cranston* v. *Wheeler*, 37 Hun, 68, 69, 74.) Covenants of this kind have never been enforced except in the case of mere leases, and are always to be construed strictly as against the lessor. (*Livingstone* v. *Stickles*, 7 Hill, 254, 256; *Jackson* v. *Silvernail*, 15 Johns. 279; *Jackson* v. *Harrison*, 17 id. 66, 71; *Cranston* v. *Wheeler*, 37 Hun, 68, 69; *Lynde* v. *Hough*, 27 Barb. 423.) Defendant is estopped from claiming a forfeiture of the lease. (*Murray* v. *Harway*, 56 N. Y. 342; *Ireland* v. *Nichols*, 46 id. 416.) Where deeds absolute on their face are given as security for debt, upon the payment or tender of the amount a re-conveyance will be decreed as evidence of the mortgagor's title. (*Odell* v. *Montross*, 68 N. Y. 504; *Blazy* v. *McLean*, 35 N. Y. S. R. 411.) As the defendant did not plead his inability to convey to plaintiff because he was only a mortgagee of the property, and the title thereto was still in Mrs. Elliott, he cannot raise it now. (Code Civ. Pro. § 500.) There is no claim that Mrs. Elliott did not have a perfect title to the property at the time she executed the deed to defendant, and as she could transfer to the defendant a power to do anything that she could have done herself, it follows, therefore, that the defendant took under the deed full power to convey by warranty deed in fee. (4 R. S. [8th ed.] 2445, § 74.) The declaration of trust (lease) is presumed to express the purpose of the conveyance. Both may be treated as if embraced in one instrument. (*Knowlton* v. *Atkins*, 47 N. Y. S. R. 621, 622; *Ambrose* v. *Gibbons*, 42 id. 527, 530.) The court will presume that the defendant could have obtained his wife's signature (if it had been necessary) unless it affirmatively appears that she refused, or that he was unable to do so. The court will also presume that the defendant is able to give a good warranty deed in fee simple, unless the contrary is pleaded and appears. (*Northrup* v. *Gibbs*, 17 N. Y. S. R. 320, 322; *Martin* v. *Colby*, 3 id. 420, 421.) The wife of the defendant was not a necessary party in this action. (*Martin* v. *Colby*, 3 N.

Y. S. R. 415, 416.) The decree requiring the defendant to make, execute and deliver to the plaintiff the deed provided for in this agreement was proper, as it will be presumed that (if it were necessary) he can procure his wife's signature. (*Northrup* v. *Gibbs*, 17 N. Y. S. R. 322, 323.) Elliott's right or interest in the premises was precisely the same as though he held under a contract for the purchase thereof, at the price of $2,850, and had paid $1,850 thereon. He was the equitable owner to that extent. (*Creighton* v. *H. F. Ins. Co.*, 17 Hun, 80.) The deed and lease vested the property in Elliott, subject to the defendant's mortgage. (*Rawson* v. *Lapman*, 5 N. Y. 456, 460, 461, 462.) The execution of the lease by the defendant was a sufficient declaration of the trust, as much so as though it had been contained in the body of the deed to the defendant (which it was in effect). (*McArthur* v. *Gordon*, 21 N. Y. S. R. 359, 653, 662; *Cook* v. *Barr*, 44 N. Y. 156, 159, 160; *Hutchins* v. *Van Vechten*, 140 id. 118, 119.) If it were to be held that the trust created, or attempted to be by the deed and lease, was not valid as an express trust, then it is valid as a power in trust. (*Clark* v. *Crego*, 47 Barb. 599, 614; 51 N. Y. 646; 4 R. S. [8th ed.] 2438, §§ 58, 103; *N. Y. D. D. Co.* v. *Stillman*, 30 N.Y. 190, 191; *Fellows* v. *Heermans*, 4 Lans. 237, 228; *Heermans* v. *Robertson*, 5 T. & C. 599; *Mannice* v. *Mannice*, 43 N. Y. 364; *Hotchkiss* v. *Elting*, 36 Barb. 45, 46.) The defendant being the grantee of a power in trust can be compelled to execute it. (*Clark* v. *Crego*, 47 Barb. 614; 51 N. Y. 646; *N. Y. D. D. Co.* v. *Stillman*, 30 id. 191; *Mannice* v. *Mannice*, 43 id. 364; *Downing* v. *Marshall*, 23 id. 380, 381; *Hotchkiss* v. *Elting*, 36 Barb. 45, 46; *White* v. *Howard*, 52 id. 316; *Fellows* v. *Heermans*, 4 Lans. 234, 238; 4 R. S. [8th ed.] 2438, § 58.) The power in trust having been duly granted by Mrs. Elliott, she could not revoke it, or prevent the defendant from executing it. (4 R. S. [8th ed.] 2449, § 108; *Marvin* v. *Smith*, 46 N. Y. 577.) It is no objection to a decree of specific performance that the defendant did not have the legal title to the premises, and cannot, therefore, convey. The donee or grantee of a power in trust

never has the title, only the power to convey. (4 R. S. [8th ed.] 2438, § 58; *Weeks* v. *Cornwall*, 104 N. Y. 338, 339; *Cooke* v. *Platt*, 98 id. 38.) The finding of the court that defendant took a mortgagee interest only in the property is not inconsistent with the finding that the deed vested in him the power to convey to John S. Elliott or his assigns, as the grantee of a power in trust takes no interest whatever in the subject of the power. (4 R. S. [8th ed.] 2438, § 58; *Weeks* v. *Cornwall*, 104 N. Y. 338, 339; *Cooke* v. *Platt*, 98 id. 38.) It was proper to show the agreement between Mrs. Elliott and her husband that the property should be conveyed to him when the loan was paid, as the defendant became a party to it by subsequently executing the instrument to effectuate it. (*Lennon* v. *Styles*, 24 N. Y. S. R. 392.) The case was a difficult and extraordinary one, and the court had full knowledge of that fact, from the evidence and proceedings before it on the trial. (Code Civ. Pro. § 3253.) There is no force in the objection that the decision making the allowance was not made by the court but by the judge; the court, as such, continued with respect to that case until the decision was rendered. (Code Civ. Pro. § 1010.) If it were a fact that the order was made by the judge and not by the court, still it being an equity case, the judge had the power to award an extra allowance in the conclusions of law. (*Gueney* v. *U. T. Co.*, 29 N. Y. S. R. 278.) The whole question of the allowance rested substantially in the judgment and discretion of the court, and, as it must be apparent that it was a meritorious one, the appellate court should not interfere. (*Morrison* v. *Agate*, 20 Hun, 24, 25; *Bryan* v. *Durrie*, 6 Abb. [N. C.] 140.)

*Per Curiam.* We think the judgment should be modified so as to limit the warranty in the deed directed to be executed by the defendant, to a warranty against his own acts. The redemption lease was a part of the transaction between Mr. and Mrs. Elliott and the defendant. By its terms the defendant agreed in substance to convey the land to John S. Elliott

upon his paying to the defendant the sum loaned with interest, at any time within two years after the execution of the lease, by a " good warranty deed and in fee simple." But the deed executed by the wife being in law a mortgage, her title to the land was not divested thereby, and it would be inequitable to compel the defendant, in an action to which the wife is not a party, to convey the land to the husband by deed of general warranty. The substance of the agreement between the defendant and John S. Elliott was an undertaking on the part of the defendant to convey his mortgage interest to the husband by deed purporting to convey the land on his paying the amount for which he held the land as security. The scope of the warranty to be given should be limited as above stated, and the transaction was, as is found and as is now conceded by both the parties to the action, a loan of one thousand dollars by the defendant to the plaintiff, or to the plaintiff and his wife, upon the security of the wife's land, and that the deed was in fact a mortgage. The court ought not to compel the defendant to convey with a warranty broader in scope than the interest which he had, the situation being known to all the parties to the transaction at the time the agreement was executed. The plaintiff is willing to accept specific performance on the terms indicated, and the defendant now professes to be willing to perform the agreement if he shall be relieved from the obligation to convey with general warranty. He insisted in his answer and on the trial that his right to the property had become absolute by reason of the lease having been assigned without his consent, contrary to a covenant therein. But this claim is without foundation as is satisfactorily shown in the opinions delivered at the Special and General Terms. It is found that the wife on the trial disclaimed any title to the premises. But her title has never been conveyed by any deed or writing, and such a parol disclaimer, or any circumstances tending to raise an estoppel against her, leaves the matter so uncertain that the defendant ought not to be compelled to convey upon the assumption that her title has been divested, or upon the ground that an implied power

to convey the fee was vested in the defendant under the lease and the deed of the wife executed contemporaneously therewith.

The judgment should be modified in accordance with this opinion, and as modified affirmed.

The attitude of the defendant in the litigation has been such that we think he should not be relieved from payment of costs, notwithstanding the judgment is modified in his favor.

Judgment modified, and as modified affirmed, with costs.

All concur.

Judgment accordingly.